# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN WILLIAM EVANS, JR. ,**

        **Plaintiff,**

**v.**                                          **Case No: 6:18-cv-46-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OF DECISION

John William Evans, Jr. (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) terminating his disability insurance benefits. Doc. 1; R. 1-6. Claimant argues, in part, that the Administrative Law Judge (the ALJ) erred by finding that Claimant's medical improvement was related to Claimant's ability to work. Doc. 25 at 17-21. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I.      THE ALJ'S DECISION

On March 23, 2011, the Commissioner determined that Claimant was disabled beginning on November 22, 2010. R. 13, 63, 534. Specifically, the Commissioner found that Claimant was disabled pursuant to Listing 11.04B. R. 534. On November 14, 2014, the Commissioner determined that Claimant was no longer disabled. R. 13, 63.

The ALJ issued his decision regarding Claimant's cessation of benefits on January 17, 2017. R. 13-23. In his decision, the ALJ found that since November 14, 2014, Claimant "has not had an impairment of combination of impairments which met or medically equaled the severity of

an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." R. 15. The ALJ then found, in pertinent part, that Claimant had experienced medical improvement since November 14, 2014, and that Claimant's medical improvement was related to Claimant's ability to work. R. 15-16. The ALJ determined that Claimant's medical improvement was related to Claimant's ability to work solely on the basis that Claimant no longer met Listing 11.04B. R. 15-16. The ALJ subsequently found that Claimant was no longer disabled as of November 14, 2014. R. 16-23.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its]

judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.    ANALYSIS

Pursuant to 20 C.F.R. § 404.1594, the Commissioner will periodically review a claimant's entitlement to benefits to determine whether the claimant's disability has ended.  20 C.F.R. § 404.1594(a).  When making this determination, the ALJ must follow an eight-step sequential inquiry to determine: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals one listed in the Regulations; (3) whether there has been medical improvement;[1] (4) whether such medical improvement is related to the claimant's ability to do work; (5) whether any exceptions apply to the requirement that there has been "medical improvement" related to the claimant's ability to do work; (6) whether the claimant's current combination of impairments are severe; (7) whether the claimant can perform past relevant work; and (8) whether the claimant can perform other work that exists in the national economy.  20 C.F.R. § 404.1594(f); *see also, e.g.*, *Senior v. Colvin*, 3:12-cv-589-J-12-JRK, 2013 WL 4781044, at *3 (M.D. Fla. Sept. 6, 2013).  "[T]he burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [claimant] had experienced 'medical improvement.'"  *Olivo v. Colvin*, 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017) (citations omitted), report and recommendation adopted, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017).

---

[1] "Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)."  20 C.F.R. 404.1594(b)(1).

Here, Claimant argues, in part, that the ALJ erred at step four by finding that Claimant's alleged medical improvement was related to Claimant's ability to do work.  Doc. 25 at 17-21.  In response, the Commissioner argues that the ALJ properly found that Claimant's medical improvement was related to Claimant's ability to do work.  Doc. 25 at 21-32.  The Commissioner also argues that Claimant analyzed the wrong version of Listing 11.04B, and, thus, waived his right to assert that he had not experienced medical improvement under the relevant version of the Listing.

20 C.F.R. § 404.1594(c)(3)(i) provides as follows:

> Previous impairment met or equaled listings. If our most recent favorable decision was based on the fact that your impairment(s) at the time met or equaled the severity contemplated by the Listing of Impairments in appendix 1 of this subpart, an assessment of your residual functional capacity would not have been made. If medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals *the same listing section used to make our most recent favorable decision*, we will find that the medical improvement was related to your ability to work. Appendix 1 of this subpart describes impairments which, if severe enough, affect a person's ability to work. If the appendix level of severity is met or equaled, the individual is deemed, in the absence of evidence to the contrary, to be unable to engage in substantial gainful activity. If there has been medical improvement to the degree that the requirement of the listing section is no longer met or equaled, then the medical improvement is related to your ability to work. We must, of course, also establish that you can currently engage in gainful activity before finding that your disability has ended.

(emphasis added).  The Commissioner argues that the foregoing language – "the same listing section used to make our most recent favorable decision" – refers to the relevant Listing section as it was previously written, and not as currently written.  Doc. 25 at 23-25; *see also* R. 87 (stating that the disability hearing officer "will determine . . . whether that same listing, as it then appeared, continues to be met or equaled").  Thus, the Commissioner argues that the 2010 version of Listing 11.04B is the relevant Listing in this case.  Given that the Commissioner's interpretation is reasonable and that Claimant does not offer any argument or authority to the contrary, the Court

will defer to the Commissioner's interpretation of 20 C.F.R. § 404.1594(c)(3)(i) in this case. *Cf.*

*Martin v. Soc. Sec. Admin., Comm'r*, 903 F.3d 1154, 1159 (11th Cir. 2018) ("[W]e must defer to

an agency's reasonable interpretation of an ambiguous statute."); *Fontanez ex rel. Fontanez v.*

*Barnhart*, 195 F. Supp. 2d 1333, 1349 (M.D. Fla. 2002) ("A district court normally will defer to

an agency's reasonable interpretation."); *Goodwater v. Barnhart*, 579 F. Supp. 2d 746, 753 (D.S.C.

2007) ("As this issue has not been decided by the Fourth Circuit, the court defers to the SSA's

interpretation . . . .").

> In 2010, Listing 11.04B provided as follows:

> Central nervous system vascular accident. With one of the following more than 3 months post-vascular accident: . . . B. Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.04B (2010). Listing 11.04B was later amended to provide

the following at the time of the ALJ's decision:

> Vascular insult to the brain, characterized by A, B, or C: . . . B. Disorganization of motor function in two extremities (see 11.00D1), *resulting in an extreme limitation* (see 11.00D2) in the ability to stand up from a seated position, *balance while standing or walking*, or use the upper extremities, persisting for at least 3 consecutive months after the insult . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.04B (2017) (emphasis added). In his decision, the ALJ

stated as follows regarding why Claimant's alleged medical improvement was related to

Claimant's ability to work:

> As noted above, the claimant previously met listing 11.04(B); however, the record no longer indicates that the claimant has a severe gait disturbance *resulting an extreme limitation* in the *ability to balance while standing or walking*.

R. 15-16 (emphasis added).

> Adopting the Commissioner's position in this case concerning the version of the Listing

that must be applied and considered (i.e., the 2010 version of the Listing), it is clear based upon

the ALJ's statement that the ALJ considered the current (and, thus, incorrect) version of Listing 11.04B when determining that Claimant's alleged medical improvement was related to Claimant's ability to work. And the ALJ provided no additional support for his determination. Therefore, because the ALJ did not apply the evidence to the correct version of Listing 11.04B, the Court cannot find that substantial evidence supports the ALJ's decision. *Cf. Winshcel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'") (citation omitted); *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *Flentroy-Tennant v. Astrue*, 2008 WL 876961, *8 (M.D. Fla. Mar. 27, 2008) (citation omitted) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion."). To do so would require the Court to step into the shoes of the ALJ to independently determine whether or not Claimant still meets the requirements for Listing 11.04B (2010), which the Court will not do. [2] *See Phillips*, 357 F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted); *Cf. Smith v. Astrue*, 2009 WL 3157639, *6 (M.D. Fla. Sept. 25, 2009) ("Even if the record contains substantial evidence favorable to the Commissioner, that may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusion reached.") (quotations omitted).

---

[2] The Court notes that the Commissioner did not argue that the two versions of Listing 11.04B at issue are materially similar. To the contrary, the Commissioner stated that the two versions differ slightly. Doc. 25 at 24 n.3.

To the extent the Commissioner argues that substantial evidence supports a finding that Claimant no longer meets Listing 11.04B (2010), the Commissioner's argument is without merit. The Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (*quoting Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). As the Court explained *supra*, it will not step into the shoes of the ALJ to reweigh the evidence in relation to the correct version of the Listing – i.e., Listing 11.04B (2010). *See Phillips*, 357 F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Finally, although the Commissioner argues that Claimant waived his right to assert that he had not experienced medical improvement under the relevant version of the Listing, the Court disagrees in this particular case. Although Claimant cites to the current version of the Listing in his portion of the Joint Brief, that citation is simply to the version of the Listing clearly utilized by the ALJ. Indeed, the sum and substance of Claimant's argument is that he did not experience medical improvement under the original Listing. Indeed, prior to discussing the medical evidence, Claimant argues that he "continues to have severe *gait disturbances* and other limitations that cause him to still meet Listing 11.04(B)." *See, e.g.*, Doc. 25 at 17 (emphasis added). That appears to be a reference to the 2010 version of the Listing, as the current version does not explicitly reference "disturbances" in "gait." Regardless, the Commissioner cannot have it both ways. In other words, if the Court accepts the Commissioner's assertion that the 2010 version of the Listing should be applied in making a substantial evidence determination, then it is clear that the ALJ erred by not applying that version of the Listing, as already discussed in this Decision.

Accordingly, the Court finds that the ALJ erred when determining that Claimant's alleged medical improvement was related to Claimant's ability to do work. This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV.    CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **REVERSED** and **REMANDED** for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2.      The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 22, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Bldg 400, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224